### W. L. MOODY COTTON CO. v. CURTIS. (No. 1749.)

(Court of Civil Appeals of Texas. El Paso. June 18, 1925.)

1. **Factors ⬳43—Finding that factor's statement that there was no demand for cotton was fraudulent sustained.**

In action against cotton factor for damages from inducing owner to countermand order for sale, evidence *held* to sustain finding that statement that there was virtually no demand for cotton like plaintiff's was fraudulent.

2. **Factors ⬳43—Finding that cotton factor's statement that it was almost impossible to obtain bids on cotton to be submitted for acceptance was fraudulent sustained under evidence.**

Where factor agreed to sell cotton on commission and store same in meantime, evidence *held* to sustain finding that factor's statement to plaintiff that it was impracticable and almost impossible to obtain bids on cotton to be submitted to interior for acceptance or rejection was fraudulent.

3. **Factors ⬳43—Finding that cotton factor was negligent in failing to sell as ordered sustained under evidence.**

Where factor had agreed to sell cotton on commission, and store it in meantime, evidence *held* to sustain finding of factor's negligence in failing to sell as ordered by plaintiff.

4. **Factors ⬳11—Factors have duty of good faith and loyalty to principal.**

A factor has duty, in all transactions affecting subject-matter of his agency, to act with good faith and loyalty for protection and advancement of principal's interest, and any vio-

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lations of that duty are regarded as frauds upon confidence bestowed upon him.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Action by J. R. Curtis against the W. L. Moody Cotton Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. C. Tisdale, of Baird, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

PELPHREY, C. J. This suit was instituted by appellee, J. R. Curtis, in the district court of Callahan county, Tex., against appellant, W. L. Moody Cotton Company, of Galveston, Galveston county, Tex.

Appellee alleged appellant to be a corporation and a cotton factor, located at Galveston, engaged in receiving, handling, and marketing cotton at that place for commissions; that appellant entered into a contract with appellee about February 27, 1920, by the terms of which appellant agreed to receive and sell for appellee, at Galveston, 11 bales of cotton shipped to it by appellee from Clyde, Tex., said cotton weighing 5,614 pounds in the aggregate; that the appellant agreed to sell said cotton for $1.25 per bale commission and 50 cents per bale per month for insurance and storage; that appellant made an advancement to appellee on said cotton of $600; that on or about April 26, 1920, appellee ordered appellant to sell the 11 bales of cotton at the best price obtainable within the next 30 days; that on or about April 29, 1920, appellant, in a letter, advised appellee that there was virtually no demand at Galveston for such cotton as appellee had with appellant; that the statement in the letter that there was virtually no demand for cotton such as appellee had with appellant was false, and that appellee was induced by said false statement to countermand his order to sell, which he did on or about the 20th day of May, 1920; that by reason of said false statement made to appellee by appellant appellee lost the opportunity to sell his cotton for 40 cents per pound or the total sum of $2,245.60; that appellee was damaged thereby in the sum of $1,754.38, being the difference between the said sum of $2,256.60 and $491.22, for which sum the cotton was sold by appellant on or about the 25th day of July, 1921; that on or about August 9, 1920, appellant in a letter advised appellee that it was impracticable and almost impossible to obtain bids at Galveston on cotton to be submitted to the interior for acceptance or rejection, and agreed to hold appellee's cotton indefinitely, if appellee would reduce the amount owing to appellant as an advancement by a payment of $300; that the statement that it was impracticable and almost impossible to obtain bids on cotton to be submitted to the interior for

acceptance or rejection was false, and that appellee, relying upon said false statement, was induced to continue holding his cotton to his damage; that appellee paid to appellant the $300 requested in the letter of August 9, 1920, and that thereby appellant became bound to hold the cotton of appellee indefinitely, but that appellant on or about the 25th day of July, 1921, violated said agreement, and converted said cotton to its own use to appellee's damage in the sum of $968.-42, being the difference between the highest market value of said cotton at any time between July 25, 1921, and the time of trial, and $491.22, the sum said cotton was sold for by appellant; that since the sale of the cotton by appellant cotton has reached the reasonable market value at Galveston, Tex., of 26 cents per pound, making the value thereof $1,459.64; and that appellant was negligent in not selling appellee's cotton during the time from April 26, 1920, and May 20, 1920, when the order to sell was countermanded.

Appellant answered, pleading: (a) Its plea of privilege to be sued in Galveston county; (b) general exception; (c) the general denial; (d) tender of the sum of $100.72, same being alleged to be the sum remaining from sale of cotton by appellant after deducting charges and balance of advancement, and that appellant was forced to sell said cotton on or about July 25, 1921, for its protection in the collection of the charges and advancement due it by appellee.

Appellee filed a controverting plea to appellant's plea of privilege, a general exception to, and a general denial of appellant's original answer.

The case was tried by a jury upon special issues as follows:

"(1) Was the statement contained in the letter to plaintiff dated April 29, 1920, 'there is virtually no demand for such cotton as you have with us,' fraudulent?" To which the jury answered: "Yes."

"(2) Was the statement contained in defendant's letter to the plaintiff dated August 9, 1920, 'under present conditions, it is impracticable and almost impossible to obtain bids on cotton to be submitted to the interior for acceptance or rejection' fraudulent?" To which the jury answered: "Yes."

"(3) Was the defendant negligent in failing to sell plaintiff's cotton during the first 20 days of May, 1920?" To which the jury answered: "Yes."

"(4) What was the highest market value of the cotton in controversy, if any, at Galveston, Tex., during the period from April 29, 1920, to May 20, 1920?" To which the jury answered: "$1,936.03."

"(5) Was the sale of the plaintiff's cotton by the defendant on or about the 25th day of July, 1921, reasonably necessary for the protection of the defendant for the advances the plaintiff was owing the defendant on said date?" To which the jury answered: "No."

"(6) What was the highest market price of

the cotton in controversy at Galveston, Tex., at any time from the 25th day of July, 1921, up to the date of April 23, 1923?" To which the jury answered: "$1,710.41."

Upon the aforesaid verdict a judgment was rendered in favor of appellee for $1,-545.53.

[1-3] Appellant in four assignments of error contends that the evidence was insufficient to support the jury's answers to questions Nos. 1, 2, 3, and 5.

We have studied the record carefully, and are of the opinion the evidence is sufficient to support the answers of the jury to the questions propounded. George Finberg, who is shown by the evidence to have been in the cotton business at Houston only 50 miles from Galveston during the year 1920, emphatically states that in his opinion there was a demand for the grades of cotton which the evidence shows was held by appellant for appellee, and that in his opinion it would have been practicable and possible to have obtained bids on a small amount of cotton and have had the same held open long enough for appellant to have communicated with appellee for acceptance or rejection by mail, and in explanation of his answer says that there was very little fluctuation in the market at that time.

Finberg's testimony is corroborated as to the demand for cotton in Galveston by the witness W. O. Budd, who was secretary-treasurer of the Galveston Cotton Exchange during April and May, 1920. Mr. Budd testified that during the period from April 29, 1920, to May 20, 1920, 5,023 bales of cotton were sold at Galveston; that on only three days during that time were there no sales reported; and that the sales ranged from 44 bales to 906 bales on the other days. This evidence is undisputed, and we think is sufficient in itself to show that appellant's letter of April 29, 1920, misstated conditions of the cotton market at Galveston.

[4] The witness Witherspoon, while he testified that there was very little demand for the grades of cotton in question during April and May, also testified that by diligent effort the cotton could have been sold at or near the market price. It is the duty of the factor, in all transactions affecting the subject-matter of his agency, to act with good faith and loyalty for the protection and advancement of the interest of his principal, and so sedulously is the principal guarded that all the factor's acts which tend to violate this duty are regarded as frauds upon the confidence bestowed upon him (25 C. J. 358), and in the present case it certainly was the duty of appellant to know the true condition of the market before advising appellee, and, if, through its negligence, a false statement was made to appellee as to the market condition, and he was damaged on account of

such statement, the appellant would be liable to him therefor.

We are also of the opinion that the evidence shows negligence on the part of appellant in not selling the cotton of appellee during the period between April 29, 1920, and May 20, 1920, under the instructions contained in the letter from appellee to appellant dated April 26, 1920.

In our opinion, if appellant had exercised the same degree of diligence which a prudent man would have exercised in the conduct of his own business, which was the degree of diligence which appellant owed to appellee, the cotton could have been sold advantageously to appellee. We cannot agree with appellant that it was reasonably necessary for it to sell appellee's cotton on July 25, 1921, to protect itself on its advances, and are of the opinion that there was sufficient evidence to support the answer of the jury that such sale was not reasonably necessary.

Finding the evidence sufficient to support the verdict of the jury and the judgment rendered thereon, the case is therefore affirmed.